UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH LAMAR BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1061 NCC |
| | ) | |
| CHARLIE A. DOOLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Keith Lamar Blackwell (registration no. 195561), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court is plaintiff's motion to amend his complaint. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $43.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will grant plaintiff's motion to amend his complaint, and will require plaintiff to submit his complaint on a court-provided form.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $215.06, and an average monthly balance of $141.66. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $43.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Charlie A. Dooley (County Executive); Garry Earls (Chief Operating Officer); Herbert Bernsen (Director, St. Louis County

Justice Center); Gerald Kramer; Delores Gunn (Director of Health); Unknown Rodnick (Doctor); Rita Hendrix (Nurse); and Unknown Wenger.

Plaintiff alleges that the conditions in the St. Louis County Justice Center are unsanitary and in violation of his civil rights under the 1st and 8th Amendments of the United States Constitution. Plaintiff also appears to be alleging that defendants have been deliberately indifferent to his serious medical needs. The complaint seeks monetary and injunctive relief.

## Discussion

In his motion to amend his complaint, plaintiff asserts that he would like to add more claims and defendants to this action. Although the Court will grant plaintiff's motion to amend his complaint, he will be required to adhere to the instructions set forth below in setting forth his claims.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form. The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by writing or typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting

3

forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed abandoned.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $43.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #6] is **GRANTED** in accordance with the instructions set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall review this action pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Dated this 11th day of August, 2014.

/s/Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE