UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH LAMAR BLACKWELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1061 NCC |
| | ) | |
| CHARLIE A. DOOLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's amended complaint. Plaintiff, Keith Lamar Blackwell (registration no. 195561), an inmate at St. Louis County Justice Center, was granted leave to proceed in forma pauperis in this action on August 11, 2014. For the reasons stated below, Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.

**28 U.S.C. ' 1915(e)**

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff≠d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

1

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

**The Amended Complaint**

Plaintiff brings this action under 42 U.S.C. ' 1983 against Charlie A. Dooley (County Executive); Garry W. Earls (Chief Operating Officer, St. Louis County Justice Center); Herbert Bernsen (Director, St. Louis County Justice Center); Gerald Kramer (7D Floor Manager, St. Louis County Justice Center); Kim Wilbert (Correctional Officer); Dolores Gunn (Director of Health, St. Louis County Justice Center); F. Rottnek (Doctor); Unknown Wenger (Doctor); Unknown Reed (Major, Internal Affairs Manager, St. Louis County Justice Center); A. Moore (Correctional Officer in Charge of Safety, Welfare and Health); Unknown Ellis (Correctional Officer); Unknown Bonner (Correctional Officer); Rita Hendrix (Nurse Manager); Jane Doe Nurse on Duty

2

on August 1, 2014 between the hours of 1:00 am and 6:00 am. Defendants are named in their official and individual capacities.

Plaintiff alleges that the conditions in the St. Louis County Justice Center are unsanitary and that defendants have taken action against him in violation of his civil rights under the 1st, 8th and 14th Amendments[1] of the United States Constitution. Plaintiff also appears to be alleging that defendants have been deliberately indifferent to his serious medical needs. The complaint seeks monetary and injunctive relief.

Plaintiff asserts that he suffers from the following medical conditions: chronic obstructive pulmonary disease (COPD); sleep apnea; bleeding from his rectum/colon problems; an unspecified heart disorder; unspecified swelling in his breasts; gastrointestinal reflux disease (GERD); neck and back pain/nerve spasms; "floaters" in his eyes due to glaucoma; and unspecified swelling in his feet/legs.

Plaintiff states that when he entered the Justice Center in November of 2013, he was receiving treatment for some of the aforementioned disorders by way of sleeping with a continuous positive airway pressure (CPAP) machine, sleeping with a "medical wedge" placed under his mattress, taking the medication Advair and using prescription eye drops. Plaintiff claims that despite having medical documentation about his need for these treatments, defendants Gunn, Rottnek and Wenger have been deliberately indifferent to his serious medical needs by failing to provide him with a "medical wedge," failing to provide him with the prescription eye drops and Advair and failing to act quickly when his CPAP machine broke and needed to be

---

[1] Plaintiff also claims that his 9th Amendment right to be free from "disparagement" has been violated. Plaintiff has misconstrued the text of the 9th Amendment. The Amendment states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

3

fixed/replaced. Plaintiff also states that he was denied appropriate treatment for bleeding from his rectum, including suppositories and surgical follow-up, and he asserts that he was not given pain medication for his neck and back pain. Plaintiff states that when he complained to defendant Rottnek about the poor medical care he was told that if he sued him he would be "transferred to the Downtown Justice Center" where plaintiff would receive "real deliberate indifference."

Plaintiff next asserts that Jane Doe Nurse on Duty on August 1, 2014 between the hours of 1:00 am and 6:00 am was deliberately indifferent to his serious medical needs when his CPAP machine malfunctioned while he was sleeping and he awoke to serious breathing problems and a coughing fit. When plaintiff sought assistance from the Nurse, she told him that he would be fine until shift change, without assessing his medical condition. Plaintiff states that he continued to cough and choke as a result of his broken machine.

Plaintiff asserts that although defendant doctors refused to provide him with a "medical wedge," they prescribed him an extra mattress and extra sheets to be used as a "wedge" for his heart and breathing conditions. Plaintiff claims that when he filed a grievance against defendant correctional officer Moore for his inappropriate conduct in relation to plaintiff, defendant Moore retaliated against him by "destroying" his "make-shift" medical wedge that had been prescribed by the defendant physicians. Plaintiff believes that defendant Moore's actions were in violation of the 1st Amendment.

Plaintiff states that correctional officers Moore and Wilbert engage in verbal abuse of the inmates at the Justice Center. Plaintiff also makes more general allegations against defendants Moore and Wilbert, noting that he believes these defendants have engaged in other Constitutional violations of the inmates' rights.

Plaintiff claims that defendant Kramer, the Floor Manager on 7D, is aware of and has taken his complaints regarding, the unlawful conditions of confinement at the Justice Center. Plaintiff asserts that Kramer knows that the food is served on "dirty trays," and that the showers are not properly cleaned and contain mold and mildew, and that the sheets and towels contain mold and mildew and are not properly cleaned between uses by the inmates. Plaintiff states that defendant Kramer is also aware that the showers and toilets have not been cleaned properly and result in foot infections. Plaintiff asserts that these conditions have resulted in adverse medical consequences to himself and other inmates at the Justice Center.

Plaintiff alleges that defendants Kramer and Bernsen have interfered with his access to courts by limiting him to 10 pages of free copies from legal texts at any one time.

## Discussion

Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Supervisors cannot be held vicariously liable under ' 1983 for the actions of a subordinate. *See Iqbal*, 129 S. Ct. at 1948. To state a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution. *Id*. Where, as here, the alleged constitutional violation requires proof of an impermissible motive, the complaint must allege adequately that the defendant acted with such impermissible purpose, not merely that he knew of a subordinate=s motive. *Id*.

Plaintiff has failed to make direct allegations against the majority of the named defendants in this action. ALiability under ' 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.@ *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see*

5

*also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under ' 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in ' 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that the majority of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Moreover, plaintiff=s complaint does not suffice to properly allege that the actions were known to the particular supervisory officials named as defendants, *see Wilson v. City of N. Little Rock*, 801 F.2d 316, 323 (8th Cir. 1986), and it assuredly does not plead adequately that the supervisors acted with the impermissible purpose as required by *Iqbal*. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (Aa general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.@). As a result, the complaint fails to state a claim upon which relief can be granted with respect to the following defendants: Charlie A. Dooley; Garry W. Earls; Herbert Bernsen; Unknown Reed; Unknown Ellis; Unknown Bonner; and Rita Henrix.

To the extent that plaintiff is attempting to assert a 1st Amendment access to the courts claim with regard to his assertion that he was denied more than ten free pages of photocopies, the complaint is legally frivolous. Plaintiff does not claim that he has suffered "actual prejudice with respect to contemplated or existing litigation." *See Lewis v. Casey*, 518 U.S. 343, 348 (1996). Accordingly, he cannot assert an access to courts claim.

Similarly, plaintiff cannot assert a constitutional claim against defendants Moore and Wilbert for "verbal abuse" or other unspecified constitutional violations. Purported Averbal harassment@ does not rise to the level required to establish a constitutional violation. *See, e.g.,*

6

*McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *King v. Olmsted*, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right). Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (noting that a mere naked threat to engage in an act prohibited by the Constitution is not equivalent to doing the act itself).

Nor can plaintiff assert a claim against the remaining defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. *Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff=s constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against the remaining defendants in their official capacities.

Plaintiff's claims for deliberate indifference to his serious medical needs against defendants Gunn, Rottnek, Wenger and Jane Doe Nurse on Duty on August 1, 2014 between the hours of 1:00 am and 6:00 am, in their individual capacities, in violation of the 8th Amendment, state a claim as written, as he has alleged enough facts to show he has suffered from an objectively serious medical need but that defendants disregarded his needs. *See, e.g., Dulany v. Carnahan*,

132 F.3d 1234, 1239 (8th Cir. 1997). As such, the Court will order the Clerk of Court to issue process on these claims.[2]

Plaintiff's claim for 1st Amendment retaliation against defendant Moore, in his individual capacity, also state a claim for relief, and the Court will also order the Clerk to issue process on this claim.

Plaintiff's claims against defendant Kramer, in his individual capacity, for unlawful conditions of confinement, in violation of the 8th Amendment[3], also state a claim for relief, and process will also be issued on these claims. *See, e.g., Hudson v. McMillian*, 112 S.Ct. 995, 999-1000 (1992) (to establish objective component of conditions-of-confinement claim, deprivation must be Aextreme@ and must deny Aminimal civilized measure of life=s necessities@); *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (inmates are entitled to reasonably adequate sanitation, personal hygiene and laundry privileges, particularly over a lengthy course of time); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (punishment that deprives inmates of the minimal civilized measures of life's necessities is unconstitutional); *see also, Owens v. Scott County Jail*, 328 F.3d 1026 (discussing the focus on the length of exposure to unsanitary conditions and how unsanitary the conditions were); *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994)

---

[2] The Court notes that the Jane Doe Nurse has been identified with enough specificity for defendants to review their records and ascertain her proper name for involvement in this action.

[3] It is not entirely clear whether plaintiff is a pretrial detainee, such that his claims would be analyzed under the Fourteenth Amendment's Due Process Clause, or if he is being held in the Justice Center, post-trial, and thus, his claims would be analyzed under the Eighth Amendment's prohibition of "cruel and unusual punishment." However, because under the Fourteenth Amendment, pretrial detainees are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment, the Supreme Court has indicated that it is appropriate to apply the identical deliberate indifference standard as applied to conditions of confinement claims made by convicts. *See City of Revere v. Mass. Gen.Hosp.*, 463 U.S. 239, 244 (1983).

(length of time required for conditions to be unconstitutional decreases as level of filthiness increases).

**Plaintiff's Supplement to His Complaint**

On September 2, 2014, plaintiff filed a supplement to his complaint, containing his own affidavit, as well as three "witness affidavits." [Doc. #9].

Plaintiff has attempted to Asupplement@ his complaint by filing additional documents, including "evidence" that he wishes to present before this Court. The Court does not accept Asupplements@ to pleadings, or amendments to complaints by interlineation. See *Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

If a plaintiff wishes to amend his complaint, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant in this action. Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and claims that are not realleged are deemed abandoned. See *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). In other words, plaintiff may not seek to amend his original pleading by attempting to Aadd parties@ or Aadd claims@ through a supplement. As such, his "supplement" will be stricken as it is not properly before this Court.

**Plaintiff's Motion to "Adopt Haines v. Kerner"**

On September 18, 2014, plaintiff filed a motion to "adopt Haines v. Kerner," which this Court interprets as a motion for pretrial conference and to add defendants. [Doc. #10]. As noted

above, plaintiff's request to amend his complaint (or add defendants) by interlineation will be denied. Moreover, plaintiff's request for pretrial conference will also be denied.

Plaintiff essentially seeks a hearing before this Court, or attendance in person at a Rule 16 Discovery Conference. It is not the practice of this Court to routinely hold such conferences in prisoner cases. Instead, at the appropriate time the Court will issue a modified case management order setting forth pretrial deadlines. Plaintiff's request for pretrial conference or for hearing will therefore be denied.

### Plaintiff's Motion Pursuant to "Rule 18.3006"

On October 1, 2014, plaintiff filed a motion brought pursuant to "Rule 18.3006." [Doc. #11]. After reviewing plaintiff's motion, it is apparent that it is a mixture of supplemental claims, a request for appointment of counsel and a motion for access to the courts. As the Court noted above, plaintiff's supplemental claims are not properly before this Court, as a plaintiff cannot amend his pleadings through interlineation. Thus, the Court will turn to plaintiff's request for counsel.

Plaintiff=s motion for appointment of counsel will also be denied without prejudice at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff=s allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved in this case are not so complicated that the appointment of counsel is warranted at this time. Moreover, plaintiff has shown he has the ability to represent his own interests by the plethora of filings he has made on his own behalf.

Plaintiff's access to courts claim will also be denied. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). None of the claims filed by plaintiff in his three motions to compel and for access to the Courts state an injury to a pending or contemplated legal claim.

Plaintiff has not shown that he has been prejudiced in any way in his current legal proceedings. To the contrary, plaintiff has filed a plethora of documents in this case arguing a myriad of different topics. Thus, he has not shown a denial of access to Courts claim at this time.

In light of the aforementioned, the Court will deny plaintiff's motion brought pursuant to "Rule 18.3006."

### Plaintiff's Motion Pursuant to Rule 20

On October 21, 2014, plaintiff filed a motion pursuant to Rule 20, seeking to "remove defendant C.O. Ellis from all Court records." [Doc. #12]. As plaintiff's claims against defendant Ellis were dismissed above, his motion brought pursuant to Rule 20 will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to the following defendants, in their individual capacities: Dolores Gunn, F. Rottnek, Unknown Wenger and Jane Doe Nurse on Duty on August 1, 2014

between the hours of 1:00 am and 6:00 am. These defendants shall be served through service of summons at the St. Louis County Justice Center. Process shall also be issued as to defendants Gerald Kramer and A. Moore in their individual capacities. These defendants shall be served through service of summons at the St. Louis County Justice Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dolores Gunn, F. Rottnek, Unknown Wenger, Gerald Kramer, A. Moore and Jane Doe Nurse on Duty on August 1, 2014 between the hours of 1:00 am and 6:00 am shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to defendants Kim Wilbert, Charlie A. Dooley; Garry W. Earls; Herbert Bernsen; Unknown Reed; Unknown Ellis; Unknown Bonner; or Rita Henrix because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon plaintiff's claims against defendants in their official capacities, as these claims fail to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon plaintiff's claims for unlawful interference with his access to courts or for unlawful verbal abuse, as these claims fail to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to "adopt Haines v. Kerner," which this Court interprets as a motion for pretrial conference and to add defendants [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's supplement to his amended complaint [Doc. #9] is **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff's motion brought pursuant to "Rule 18.3006," which this Court interprets as a motion for appointment of counsel, for access to courts and to supplement the amended complaint [Doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion brought pursuant to "Rule 20" [Doc. #12] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of November, 2014.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE