**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH LAMAR BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1061 NCC |
| | ) | |
| CHARLIE A. DOOLEY, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Wenger's motion to dismiss plaintiff's claims against him. In accordance with the Court's prior review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915, the Court will deny defendant Wenger's motion.

### Background

In his amended complaint, plaintiff alleges that the conditions in the St. Louis County Justice Center are unsanitary and that defendants have taken action against him in violation of his civil rights under the 8th and 14th Amendments of the United States Constitution. Plaintiff also alleges that defendants have been deliberately indifferent to his serious medical needs. The complaint seeks monetary and injunctive relief.

Plaintiff asserts that he suffers from the following medical conditions: chronic obstructive pulmonary disease (COPD); sleep apnea; bleeding from his rectum/colon problems; an unspecified heart disorder; unspecified swelling in his breasts; gastrointestinal reflux disease (GERD); neck and back pain/nerve spasms; "floaters" in his eyes due to glaucoma; and unspecified swelling in his feet/legs.

Plaintiff states that when he entered the Justice Center in November of 2013, he was receiving treatment for some of the aforementioned disorders by way of sleeping with a continuous positive airway pressure (CPAP) machine, sleeping with a "medical wedge" placed under his mattress, taking the medication Advair and using prescription eye drops. Plaintiff claims that despite having medical documentation about his need for these treatments, defendants Gunn, Rottnek and Wenger have been deliberately indifferent to his serious medical needs by failing to provide him with a "medical wedge," failing to provide him with the prescription eye drops and Advair and failing to act quickly when his CPAP machine broke and needed to be fixed/replaced. Plaintiff also states that he was denied appropriate treatment for bleeding from his rectum, including suppositories and surgical follow-up, and he asserts that he was not given pain medication for his neck and back pain. Plaintiff states that when he complained to defendant Rottnek about the poor medical care he was told that if he sued him he would be "transferred to the Downtown Justice Center" where plaintiff would receive "real deliberate indifference."

Plaintiff asserts that Jane Doe Nurse on Duty on August 1, 2014 between the hours of 1:00 am and 6:00 am was deliberately indifferent to his serious medical needs when his CPAP machine malfunctioned while he was sleeping and he awoke to serious breathing problems and a coughing fit. When plaintiff sought assistance from the Nurse, she told him that he would be fine until shift change, without assessing his medical condition. Plaintiff states that he continued to cough and choke as a result of his broken machine.

Plaintiff asserts that although defendant doctors refused to provide him with a "medical wedge," they prescribed him an extra mattress and extra sheets to be used as a "wedge" for his heart and breathing conditions. Plaintiff claims that when he filed a grievance against defendant

correctional officer Moore for his inappropriate conduct in relation to plaintiff, defendant Moore retaliated against him by "destroying" his "make-shift" medical wedge that had been prescribed by the defendant physicians.

Plaintiff claims that defendant Kramer, the Floor Manager on 7D, is aware of and has taken his complaints regarding, the unlawful conditions of confinement at the Justice Center. Plaintiff asserts that Kramer knows that the food is served on "dirty trays," and that the showers are not properly cleaned and contain mold and mildew, and that the sheets and towels contain mold and mildew and are not properly cleaned between uses by the inmates. Plaintiff states that defendant Kramer is also aware that the showers and toilets have not been cleaned properly and result in foot infections. Plaintiff asserts that these conditions have resulted in adverse medical consequences to himself and other inmates at the Justice Center.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims Awhich are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity.@ Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir.2001) (citing Neitzke v. Williams, 490 U.S. 319, 326B27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain Adetailed factual allegations,@ but it must contain facts with enough specificity Ato raise a right to relief above the speculative level.@ Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As the United States Supreme Court reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009), A[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,@ will not pass muster under Twombly.

3

Upon considering a motion to dismiss, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed.R.Civ.P. 12(b)(6); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); <u>Davenport v. Farmers Ins. Grp.</u>, 378 F.3d 839, 842 (2004). The task of a court is then "to review the plausibility of the plaintiff=s claim as a whole, not the plausibility of each individual allegation." <u>Zoltek Corp. v. Structural Polymer Grp.</u>, 592 F.3d 893, 896 n. 4 (8th Cir.2010) (citing <u>Braden v. Wal=Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir.2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")).

### Discussion

In his motion to dismiss, defendant Wenger appears to argue that plaintiff has failed to make any individual allegations of deliberate indifference against him.[1] Defendant Wenger is incorrect, as this Court found in its prior review of plaintiff's amended complaint.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Camberos v. Branstad</u>, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. <u>Estelle</u>, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1239 (8th Cir. 1997).

---

[1] Defendant correctly notes that plaintiff's allegations brought against him in his official capacity were dismissed by this Court on November 10, 2014. However, defendant wrongly asserts that plaintiff has not alleged enough facts to bring claims against him for deliberate indifference to his serious medical needs, in his individual capacity.

Plaintiff's claims for deliberate indifference to his serious medical needs against defendants Gunn, Rottnek, Wenger and Jane Doe Nurse on Duty on August 1, 2014 between the hours of 1:00 am and 6:00 am, in their individual capacities, in violation of the 8th Amendment, state a claim as written, as he has alleged enough facts to show he has suffered from an objectively serious medical need but that these specific defendants disregarded his needs. *See, e.g., Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Specifically, as to defendant Wenger, plaintiff asserts that defendant Wenger knew of his serious medical issues. Plaintiff then claims that defendant Wenger prescribed the "make-shift medical wedge," or at least allowed the make-shift wedge to be used, even though defendant Wenger knew it was insufficient for his medical needs. Plaintiff claims that he discussed the medical wedge issues, as well as his other medical needs, with defendant Wenger, and he filed grievances about these issues, but his medical problems have not been addressed. Plaintiff additionally notes that he discussed the lack of eye medications with defendant Wenger, addressed his bleeding issues, spoke about his broken CPAP machine and his lack of proper medications, but none of these issues were addressed, either.

Because this case is before the Court on a motion to dismiss, the Court assumes all facts alleged in the complaint as true. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). At this stage of the litigation, the Court finds that plaintiff=s allegations against defendant Wenger are sufficient to withstand defendant=s motion to dismiss. Under plaintiff=s allegations, a reasonable factfinder could find that defendants failed to obtain treatment for plaintiff, despite knowledge of substantial risk of harm to plaintiff.

As noted in prior Orders in this case, plaintiff is a prisoner, and thus, his claims are subject to pre-service review under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. ' 1915(e)(2)(B), a

Court is required to dismiss a complaint filed in forma pauperis, or any part of an action, if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.[2]  Under the auspices of '1915, this Court performed a thorough review of plaintiff=s claims, taking into account plaintiff=s litigation history, as well as the claims in his amended complaint.[3]  As such, defendant's motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Wenger's motion to dismiss [Doc. #35] is **DENIED**.

Dated this <u>10th</u> day of <u>December</u>, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2]An action is frivolous if it Alacks an arguable basis in either law or fact.@  <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff=d</u> 826 F.2d 1059 (4th Cir. 1987).

[3]The Court notes that it found on ' 1915 review that plaintiff had stated claims for deliberate indifference to his serious medical needs against defendant Wenger, and other named defendants.  Thus, it was unnecessary for defendant to move for dismissal on this basis in the instant motion before the Court.