UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEITH LAMAR BLACKWELL, )
 )
      Plaintiff, )
 )
v. ) No. 4:14CV1061 NCC
 )
CHARLIE A. DOOLEY, et al., )
 )
      Defendants, )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon Keith Lamar Blackwell's notice of interlocutory appeal [Doc. #61]. On August 11, 2014, this Court granted plaintiff leave to proceed in forma pauperis and assessed him an initial partial filing fee of $43.00. On November 10, 2014, the Court dismissed, without prejudice, defendants Kim Wilbert, Charlie A. Dooley, Garry W. Earls, Herbert Bernsen, Unknown Reed, Unknown Ellis, Unknown Bonner, and Rita Hendrix [Doc. #13]. On January 20, 2015, plaintiff filed the instant notice of interlocutory appeal.

### 28 U.S.C. 1915(a)

Title 28 U.S.C. ' 1915(a)(1), (2) requires a prisoner seeking leave to appeal in forma pauperis to submit an affidavit of indigence and a certified copy of his prison account statement for the six-month period immediately preceding the filing of the notice of appeal. Furthermore, ' 1915(b)(1) requires a prisoner seeking leave to proceed in forma pauperis on appeal to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C.

′ 1915 (b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month=s income credited to the prisoner=s account.  *See* 28 U.S.C. ′ 1915 (b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner=s account exceeds $10, until the filing fee is fully paid.

## Discussion

Plaintiff has not submitted a motion for leave to proceed in forma pauperis on appeal or a certified copy of his inmate trust fund account statement.  Moreover, the Court notes that its order of November 10, 2014, dismissing eight of the defendants, is not a final appealable order. *See Bullock v. Baptist Memorial Hospital*, 817 F.2d 58 (8th Cir. 1987).

Because it is unclear to the Court whether plaintiff understands that there has not been a final appealable order issued in his case, the Court will give plaintiff the opportunity either to withdraw his appeal by filing with the Court a motion to withdraw, or alternatively, to continue with his appeal, as more fully set forth below.  If plaintiff chooses to proceed with his appeal, he will be liable for the full $505 appellate filing fee,[1] and he must submit to the Court an affidavit and a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal pursuant to 28 U.S.C. ′ 1915 (a)(1)(2).

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall either file a motion to withdraw his interlocutory appeal, or he shall file a certified copy of his prison account statement for **the six-month period immediately preceding the**

---

[1] The Court notes when it does issue a final appealable Order in this case, if plaintiff chooses to appeal, he will again be liable for the $505 appellate filing fee.

**filing of his notice of appeal on January 20, 2015**, and a "Motion to Proceed on Appeal in Forma Pauperis and Affidavit in Support - - Prisoner Cases."[2]

**IT IS FURTHER ORDERED** that if plaintiff chooses to proceed with his interlocutory appeal, and he fails to submit a certified copy of his inmate trust fund account statement and a "Motion to Proceed on Appeal in Forma Pauperis and Affidavit in Support - - Prisoner Cases" within thirty days from the date of this Order, the Court will order him to pay the full $505 filing and docketing fees for filing an appeal.

**IT IS FURTHER ORDERED** that the Clerk shall forward, together with a copy of this Order, a form "Motion to Proceed on Appeal in Forma Pauperis and Affidavit in Support - - Prisoner Cases" to plaintiff to complete and return with his certified copy of his inmate trust fund account statement, should he choose to proceed with his interlocutory appeal.

Dated this 22nd day of January, 2015.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] When requesting a certified copy of his prison account statement, plaintiff is instructed to inform the Department of Corrections that the account statement must include all activity on his account during the six-month period preceding the filing of his notice of appeal on January 20, 2015.